Soates, Justice, delivered the opinion of the court: This is on action of debt upon a recorder’s bond, given by Lusk, as principal, and Prickett, as surety. After trial and verdict for the plaintiff below, the de- [* 396] fendants moved in arrest of judgment; which motion the ■ court denied, and rendered judgment for the plaintiff. These decisions are assigned for error; and it is insisted that there is no cause of action set forth in the declaration. The condition of the bond is, that Lusk, as recorder, should well and faithfully execute the duties of said office of recorder, and deliver up the records, and other writings belonging to the office, safe and undefaeed to his successor. The declaration avers that Elijah Yoakum, being seized in fee of lot twenty-six (26), in De Bow’s addition to Upper Alton, in said county, conveyed the same in fee, for a valuable consideration, to one Anthony Paken, which conveyance was duly recorded by said Lusk. That said Paken re-conveyed the same to said Yoa-kum, by deed of mortgage to secure the payment of $299, and that said mortgage was duly recorded by said Lusk, as such recorder, on or about the 26th day of June, 1839; and that said mortgage had not, at the time of bringing this suit, been paid or satisfied in whole or in part. The declaration further avers, that Bernard Cabrilliac, for whose use this suit is brought, on or about the first of July, 1840, being about to purchase said lot from said Paken, for $300, the full value thereof, called upon said Lusk, as such recorder, and so informed him, and applied to him to ascertain, and desired to know from him, whether there was any incumbrance on said lot, made and executed by said Paken, to any other person, before he, said Cabrilliac, should make his purchase or pay his money therefor. That, thereupon, said Lusk made an examination of the records of his office, and informed said Cabrilliac that there was no incumbrance of any kind upon said lot; for which examination Cabrilliac paid him the fee allowed by law. That thereupon Cabrilliac made the purchase of Paken, believing the information to be true, and -being induced thereby to purchase the same, and pay part of the purchase money. That afterwards, and before he paid the balance of the purchase money, he again called upon Lusk, to make another like examination of said record ; that Lusk did so, and informed him again, that there was no incumbrance, for which he again paid him; and thereupon he paid Paken the residue of the purchase money. The declaration avers that said mortgage from Paken to Yoakum had been duly recorded, before either of said examinations was made, and that Cabrilliac had no notice thereof directly or indirectly, and being still ignorant of said mortgage, he expended $100 in improvements on said lot. That the mortgage has since been foreclosed by scire facias, the lot with its improvements sold to satisfy the same, and that the whole is entirely lost to him, by reason that Paken is wholly insolvent. And so it avers that said Lusk has not faithfully executed the duties of his office, by making a faithful, diligent, attentive, correct, [*397] and true examination of the said records of his office ; but . by reason, and in consequence of the unfaithful, careless, inattentive, and incorrect manner of making the same, the said Cabrilliac has been¡ damaged $500. The acts of the legislature, respecting the recording of deeds, mortgages, etc., and the duty of the recorder, provide, that deeds, mortgages, etc., shall be recorded in the county where the land lies (Gale’s Stat. 152, § 15), that such recording shall be deemed and taken to be notice to subsequent purchasers and creditors, from the date of such recording (Gale’s Stat. 157, § 1); that they shall take effect and be in force, from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice, and all such deeds and title papers shall be adjudged void, as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record in the county where the said lands may lie (Gale’s Stat. 664, § 5); and to that end, every recorder shall, keep a fair book, in which he shall immediately make entry of every deed or writing brought into his office to be recorded, mentioning therein the date, the parties, and the place where the lands, tenements, etc., conveyed are situate ; dating the entry on the day such deed, etc., was brought into his office, and shall record them in regular succession, according to priority of time in bringing them in. He shall also make and keep a complete alphabetical index to each record book, showing the page on which each instrument is recorded, with the names of the parties. Gale’s Stat. 556, § 7. And the law gives him, “ for' every search of record twelve and a half cents.” Gale’s Stat. 299. It is contended that it is not the duty of the recorder to examine, and give information, whether land is encumbered, as it would frequently involve a question as to the legal effect of the conveyances of record. In this sense of an examination he is not bound to make it; but we are of opinion that he is bound to search, and give information of the fact, whether there are deeds, mortgages, or writings concerning the land, and refer the party to them, so that he may be enabled to judge for himself, or take counsel, as to the manner in which the title is affected, or the estate encumbered by them. The search should be diligent, and his information true, as for it he is entitled to compensation. And to this end, he is required to keep, not only a book of entries of the delivery of deeds into his office, but also to record them, according to priority of such delivery, and keep an alphabetical index. There is much reason for great strictness in the discharge of this duty, as well as diligence of search and true information. For the law deems the recording notice, and from the de- [* 398] livery the instrument takes effect as to purchasers and creditors. If the book of entries, and alphabetical index are correctly kept, the recorder, who is familiar with them, can make search with greatfacility and accuracy. To one unacquainted, and where the records are numerous, there would be great liability to mistakes, and particularly so, if unaided by the recorder; the whole scope and spirit of these provisions seem- to me to point out this service as an official duty of the recorder; and I think the fees, perquisites, and emoluments of his office a good, valuable, and continuing consideration to charge the surety in the bond, within the principle laid down in the case of The United States v. Linn et al. 15 Peters 311. The judgment of the court below is affirmed with costs.